# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 6112 | DATE | 8/29/2003 |
| CASE TITLE | Keith A. Harman vs. Megan C. Gist, et. al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Ahlsen's Motion to Dismiss [28-1], or in the alternative to Strike the Amended Complaint[28-2] NLU and Neukranz-Butler's Motion to Dismiss [29-1], or in the alternative to Strike [29-2]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum Opinion and Order, Ahlsen, NLU, and Neukranz-Butler's motion to strike are granted in part [28-2, 29-2]. Plaintiff's defamation claims against Gist, Ahlsen, Neukranz-Butler, and NLU are STRICKEN for failure to comply with Fed. R. Civ. P. 8. Plaintiff has fourteen days from the date of this Order to file an Amended Complaint that meets the requirements of Rule 8. Plaintiff's claim against NLU for violation of his Due Process rights is DISMISSED with prejudice for failure to state a claim upon which relief may be granted [29-1]. Plaintiff's claim against Neukranz-Butler for civil conspiracy is DISMISSED with prejudice for failure to state a claim [29-1]. Plaintiff's claim against Ahlsen for intrusion upon seclusion is DISMISSED with prejudice for failure to state a claim upon which relief may be granted [28-1].

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | SEP 0 2 2003 | |
| | Notified counsel by telephone. | date docketed | 42 |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| Klb (lc) | courtroom deputy's initials | U.S. DISTRICT COURT CLERK  03 SEP -2 PM 2:17  Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KEITH A. HARMAN, )
)
        Plaintiff, )
) No. 02 C 6112
v. )
) HONORABLE DAVID H. COAR
MEGAN C. GIST, ANDREEN NEUKRANZ- )
BUTLER, ANDREA M.. AHLSEN, and )
NATIONAL-LOUIS UNIVERSITY, )
)
        Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Keith A. Harman ("Harman" or "plaintiff") filed a pro se complaint in this Court alleging that defendant Megan C. Gist ("Gist") defamed him, intruded upon his seclusion, and violated the Wiretap Act. Plaintiff alleged that Andrea M. Ahlsen ("Ahlsen") defamed him, intruded upon his seclusion, and engaged in a civil conspiracy against him. Plaintiff alleged that Andreen Neukranz-Butler ("Neukranz-Butler") defamed him, intruded upon his seclusion, and engaged in a civil conspiracy against him. Plaintiff alleged that defendant National-Louis University ("NLU") violated his Due Process rights and should be held vicariously liable for the actions of its employee, Neukranz-Butler. Before this court are motions to dismiss by Ahlsen and Neukranz-Butler/NLU for failure to state a claim for which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and in the alternative to strike the complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. For the reasons set forth below, the motions to dismiss are granted in part and denied in part.

42

I.      Factual Background

NLU is an institution of higher education with campuses in, among other places, Evanston, Chicago, and Wheeling, Illinois, and St. Louis, Missouri. Harman was a tenured Associate Professor on the St. Louis Campus. NLU employed Neukranz-Butler in its Human Resources Department on the Wheeling campus. Ahlsen is a personal friend of Gist.

On June 16, 2002, NLU placed Harman on probation for:

1.  Writing a series of accusatory and inflammatory e-mail messages to NLU"s Provost and its President questioning the competence and integrity of a dean, other administrators, colleagues, and other NLU employees.

2.  Making repeated threatening and hostile comments to colleagues via e-mail and telephone; and

3.  Displaying anger in the presence of administrators and colleagues.

Thereafter, NLU's Human Resources Department had received several complaints about Harman's behavior, with several of those people expressing concern about their personal safety. NLU informed Harman that he must take certain corrective steps and that a follow-up meeting would be held six months later or earlier, if warranted.

In September 2000, NLU received a complaint from Gist that Harman was harassing her. The two had been having a romantic relationship that ended early in September. NLU placed Harman on administrative leave while Neukranz-Butler investigated the allegations. Shortly thereafter, Ahlsen e-mailed the transcript of a voicemail message Harman had left for her to Neukranz-Butler. Harman contends that this establishes Neukranz-Butler as "the controlling agent." At some point during the investigation, Neukranz-Butler and Gist telephoned Serrano,

Harman's soon to be ex-wife, and spoke with her about Harman. According to Harman, Neukranz-Butler "attempted to persuade [Serrano] to disclose intimate details of [their] marriage and family life."

On September 17, 2000, Neukranz-Butler met with Harman so that he could comment on the allegations against him. On September 20, 2000, NLU terminated Harman's employment after it determined Harman had violated the terms of the June 16, 2000 warning.

II. Discussion

A. Choice of Law

A federal court sitting in a diversity case must apply the choice of law provisions of the forum state (Illinois) to determine which state's substantive laws apply to the claims set out. Erickson v. Baxter Healthcare, Inc., 94 F.Supp.2d 907, 910 (N.D. Ill. 2000) (citing Ruiz v. Blentech Corp., 89 F.3d 320, 323 (7th Cir. 1996)). Illinois uses the "most significant contact" approach of the Restatement (Second) of Conflicts of Law. Esser v. McIntyre, 169 Ill.2d 292, 214 Ill.Dec. 693, 661 N.E.2d 1138, 1141 (1996) (citing Ingersoll v. Klein, 46 Ill.2d 42, 262 N.E.2d 593, 596 (1970)). In determining the most significant relationship, the Court considers what sort of case it is (tort, contract, etc.) and examines, for each separate claim: (1) the place of the injury, (2) the place where the injury- causing conduct occurred, (3) the domicile of the parties, and (4) the place where the relationship between the parties is centered. Fredrick v. Simmons Airlines, Inc., 144 F.3d 500, 503-4 (7th Cir.1998). The Court also considers the interests and public policies of potentially concerned states as they relate to the transaction. Id. at 504 (citing Jones v. State Farm Mut. Auto. Ins. Co., 289 Ill.App.3d 903, 224 Ill.Dec. 677, 682 N.E.2d 238, 249 (1997)).

In multi-state defamation cases, the Court applies the law of the state where the plaintiff is domiciled. Cook v. Winfrey, 141 F.3d 322 (7th Cir. 1998). Thus, Missouri substantive law applies to Harman's defamation claims. The conspiracy and invasion of privacy claims, however, must be separately analyzed to determine which state's substantive laws apply. The civil conspiracy is alleged to have taken place between Gist, Neukranz-Butler, and Ahlsen, all of whom are Illinois residents. The conduct complained of occurred in Illinois. The relationship between the parties is centered in both Illinois and Missouri. Thus, Illinois has the most significant relationship and Illinois law will apply to the civil conspiracy claim. The basis of the intrusion upon seclusion claim is that Gist forwarded e-mails to NLU officials and that Ahlsen recorded phone calls. Gist is an Illinois resident and presumably forwarded the e-mail while in Illinois. Similarly, Ahlsen is an Illinois resident, who recorded calls received on her phone in Illinois. The relationship is centered in both Illinois and Missouri. Nonetheless, Illinois has the most significant relationship and Illinois law will apply to the invasion of privacy claim.

B.   Requirements of Rule 8

The Federal Rules employ a notice-based pleading system rather than a fact-based pleading system. See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993), Cook v. Winfrey, 141 F.3d 322, 327 (7th Cir.1998), Fed.R.Civ.P. 8. A party's complaint is supposed to provide the opposing party "fair notice of what the [ ] claim is and the grounds upon which it rests." Leatherman, 507 U.S. at 168, 113 S.Ct. 1160 (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Thus, rather than requiring the plaintiff to plead all of the facts underlying the alleged

claim, the Rules simply require "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).

Rule 8(e)(1) supplements 8(a)(2) by requiring that "[e]ach averment of a pleading shall be simple, concise, and direct." Fed.R.Civ.P. 8(e)(1). "Taken together [these two requirements] underscore the emphasis placed on clarity and brevity by the federal pleading rules." In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir.1996) (quoting 5 Wright & Miller Federal Practice and Procedure: Civil 2d § 1217, 169 (1990 & Supp.1999)), see also Vicom v. Harbridge Merchant Servs., Inc., 20 F.3d 771, 775 (7th Cir.1994) (stating that "[t]he primary purpose of [Rule 8(a)(2) and Rule 8(e)(1)] is rooted in fair notice"). To this end, "[t]he evidentiary material supporting the[ ] general statements [contemplated by Rule 8(e)(1)] normally should not be set out in the pleadings but rather should be left to be brought to light during the discovery process." Wright & Miller § 1281, at 519.

C. Motion to Strike Standard

If a complaint fails to meet the requirements of Rule 8, the Court has the power either to dismiss the complaint for failing to state a claim upon which relief may be granted, see Fed.R.Civ.P. 12(b)(6), or to strike those parts that are "redundant, immaterial, impertinent or scandalous," Fed.R.Civ.P. 12(f). See, e.g., Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir.1995), see also Vicom, 20 F.3d at 776 (noting the district court's power to have dismissed the complaint with prejudice due to its "egregious violation of Rule 8(a)"). An unnecessarily long or confusing complaint makes it difficult for both the defendant and the court. See Vicom, 20 F.3d at 775-76. It becomes difficult for the defendant to file a responsive pleading, while it makes conducting an orderly litigation difficult for the court. See id.

Motions to strike are generally disfavored because they are seen as tools to delay litigation. See, e.g., Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir.1989). However, where a motion to strike "removes unnecessary clutter from the case, [it] serve[s] to expedite, not delay." Id. Therefore, when the pleading is redundant or the statements are immaterial, the court has the power to strike the offending parts. See Fed.R.Civ.P. 12(f); cf. In re Westinghouse Sec. Litig., 90 F.3d at 702 (reviewing district court's decision to dismiss claims under Rule 8 for abuse of discretion). However, mere redundancy or immateriality is not enough to trigger the drastic measure of striking the pleading or parts thereof; in addition, the pleading must be prejudicial to the defendant. See Talbot v. Robert Matthews Distrib. Co., 961 F.2d 654, 664 (7th Cir.1992), Hoffman-Dombrowski v. Arlington Int'l Racecourse, Inc., 11 F.Supp.2d 1006, 1009 (N.D.Ill.1998). Prejudice occurs when the challenged pleading or allegation confuses the issues or is so lengthy and complex that it places an undue burden on the responding party. See Hoffman-Dombrowski, 11 F.Supp.2d at 1009.

Ordinarily, the proper response in the face of a motion to strike a pleading is to strike only the offending parts of it. See Wright & Miller § 1281, at 522. However, if the complaint violates Rule 8(a)(2) and 8(e)(1) "such that a great deal of judicial energy would have to be devoted to eliminating the unnecessary matter and restructuring the pleading," id., the Court may strike the entire pleading while granting leave to replead. See, e.g., In re Westinghouse Sec. Litig., 90 F.3d at 706 (affirming dismissal of complaint with prejudice for failing to comply with Rule 8), Kuehl v. FDIC, 8 F.3d 905, 908 (1st Cir.1993) (noting district court's power to dismiss a case for failing to comply with Rule 8), Nagel v. ADM Investor Servs., Inc., 995 F.Supp. 837, 846 (N.D.Ill.1998) (dismissing case without prejudice for violating Rule 8). "[U]nnecessary prolixity in a pleading

places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." Roberto's Fruit Market, Inc. v. Schaffer, 13 F.Supp.2d 390, 395 (E.D.N.Y.1998) (quoting Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir.1988)).

For example, in Vicom, the Seventh Circuit was called upon to review a complaint's dismissal "on the basis of the amended complaint's prolixity." 20 F.3d at 775. The plaintiff had submitted a "119-page, 385-paragraph less-than-coherent amended complaint." Id. The court noted that such a pleading is both difficult and costly, in terms of time and money, to respond to. See id. at 776. However, the court also acknowledged that some claims require more complex pleading due to the complex legal theories involved in the case. See id. Despite involving a complex legal regime, that is, a RICO claim, the court stated that the complaint nonetheless "must meet the requirements of Rule 8(a)(2) and Rule 8(e)(1)." Id. Therefore, the court found that the complaint "violated the letter and the spirit of Rule 8(a)" and that the district court would have been within its power to dismiss the complaint for that reason. Id.

Likewise, in Mutuelle Generale Francaise Vie v. Life Assurance Co. of Pennsylvania, the plaintiff averred 162 substantive paragraphs in 42 pages. 688 F.Supp. 386, 391 (N.D.Ill.1988). Each of these allegations was then incorporated into seven separate causes of action whose succinctness was due only to the fact that "each count refer[red] back to all the previous allegations." Id. Within these paragraphs was "evidence, theories and speculation about the events in issue ... that belong[ed] (if anywhere) in an argumentative brief and not a complaint." Id. The court found that this type of a pleading would make it difficult to answer from the defendant's perspective and struck the entire complaint. See id. Ultimately, the court gave the

plaintiff leave to amend the complaint to allow it to cure its drafting problems and group allegations appropriately under the respective claims. See id.

Like the complaints discussed in Vicom and Mutuelle Generale Francaise Vie, Harman's complaint is excessively long, complex and confusing. The complaint is thirteen pages long, but has well over 200 pages of exhibits attached to it, from which must be gleaned the facts to support his allegations. The complaint alleges defamation against Gist, Ahlsen, and Neukranz-Butler, but does not set forth the allegedly defamatory statements. Instead, the complaint references the exhibits. The referenced exhibits are, inter alia, long e-mails and the allegedly defamatory statements are not identified. Clearly, such an internally complex complaint makes it difficult for the defendants to adequately respond. Accordingly, the defamation counts are stricken. The other counts of the complaint, however, are more clearly set forth and the Court will analyze those claims under the failure to state a claim standard.

D. Failure to State a Claim Standard

When a party moves to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted, the Court accepts as true the well pleaded allegations of the complaint and the inferences that may be reasonably drawn from those allegations. Wilson v. Ugo Formigoni, 42 F.3d 1060, 1064 (7th Cir.1994). Complaints are to be read liberally, see Conley v. Gibson, 355 U.S. 41, 47- 48, 78 S.Ct. 99, 102-03, 2 L.Ed.2d 80 (1957); Fed.R.Civ.P. 8, and the district court may grant a 12(b)(6) motion only if "it is beyond doubt that the non-movant can plead no facts that would support his claim for relief." Conley, 355 U.S. at 45-46, 78 S.Ct. at 102. A complaint which consists of conclusory allegations unsupported by factual assertions, however, fails even the liberal standard of Rule 12(b)(6).

Cushing v. City of Chicago, 3 F.3d 1156, 1167 (7th Cir.1993); Sutliff, Inc. v. Donovan Companies, Inc., 727 F.2d 648, 654 (7th Cir.1984) ("[Plaintiffs] may not avoid dismissal, however, simply by attaching bare legal conclusions to narrated facts which fail to outline the basis of their claims.").

1.  Harman's due process claim against NLU

In the Complaint, Harman alleges that he had a property interest in continued employment at NLU, but was deprived of his employment without due process. Harman's action fails as a matter of law because no defendant is alleged to be a state actor. See Edmonson v. Leesville Concrete Co., 500 U.S. 614, 619 (1991). Harman argues that the involvement of a state actor is not required because NLU was carrying out a "traditionally public function" when it investigated Gist's claims against him. This was, he says, the same as if NLU were "a law enforcement agency with powers of surveillance and search and seizure that had authority to investigate what was a civil matter." For a private entity to be deemed a state actor because it is carrying out a traditionally public function, however, the entity must be acting on authority granted to it by the government. United States v. Shahid, 117 F.3d 322, 326-27 (7th Cir. 1997) (holding mail security guard not a state actor.). The government must have known of and consented to the private entity's conduct. Id. Further, the private entity's purpose must have been to assist the government, not to further its own ends. Id. Even if the private entity's purpose is the same as the government's purpose, "this happy coincidence does not make a private actor an arm of the government." United States v. Koenig, 856 F.2d 843, 850-51 (7th Cir. 1988).

In this case, NLU, through Neukranz-Butler, investigated an internal complaint against Harman that he was stalking a co-worker, a violation of NLU"s sexual harassment policy and the terms of Harman's probation. NLU's interest was in enforcing its policies, not conducting a criminal investigation, as Harman suggests. Plaintiff does not even allege that the defendants were acting on authority granted to it by the government. Accordingly, defendants were not state actors and Harman's due process claim against NLU is dismissed.

2.   Harman's claim against Neukranz-Butler for invasion of privacy

Harman alleges that Neukranz-Butler invaded his privacy. Harman's claim is intrusion upon seclusion. To set out a cause of action under Illinois law, a plaintiff must plead (1) an unauthorized intrusion into his seclusion; (2) that is offensive or objectionable to a reasonable person; (3) the matter is private; and (4) the intrusion causes anguish and suffering. Johnson v. K Mart Corp., 243 Ill. Dec. 591, 723 N.E.2d 1192, 1196 (Ill. Ct. App. 2000). Harman alleges that Neukranz-Butler "made Gist fearful she would be terminated if [she] did not turn over documentation regarding [Harman's] relationship with [her]," pressed Gist for "irrelevant, intimate details of [her] relationship with [Harman]," and persuaded Gist to engage in a conference call with Serrano to obtain details of Harman's marriage and family life. She also persuaded Ahlsen to record Harman's phone calls. Defendants' argument about Harman's claim goes to the merits only. Defendants argue that the transcripts of Harman's telephone calls were public because he left voice mail messages on Ahlsen's phone. They also argue about their duty to investigate the allegations against Harman. As defendants have neglected to cite any case law in support of their position, it would be inappropriate for this Court to dismiss the claim for failure to state a claim upon which relief may be granted.

3. Harman's civil conspiracy claim against Neukranz-Butler, Gist, and Ahlsen

Harman alleges that Neukranz-Butler, Gist, and Ahlsen engaged in a civil conspiracy to intrude upon his seclusion. In order to state a claim for civil conspiracy, the plaintiff must allege (1) an agreement between two or more persons; (2) to participate in an unlawful act, or a lawful act in an unlawful manner; (3) an injury caused by an unlawful overt act caused by one of the parties; and (4) the overt act was done pursuant to and in furtherance of a common scheme. Vance v. Chandler, 231 Ill.App.3d 747, 750, 173 Ill.Dec. 525, 597 N.E.2d 233, 236 (1992). In Adcock v. Brakegate, Ltd., 164 Ill.2d 54, 63, 206 Ill.Dec. 636, 645 N.E.2d 888 (1994), the Illinois Supreme Court held that:

> "A cause of action for civil conspiracy exists only if one of the parties to the agreement commits some act in furtherance of the agreement, which is itself a tort. [Citations.] Thus, the gist of a conspiracy claim is not the agreement itself, but the tortious acts performed in furtherance of the agreement. [Citations.] 'It is only where means are employed, or purposes are accomplished, which are themselves tortious, that the conspirators who have not acted but have promoted the act will be held liable.' W. Prosser, Torts § 46, at 243 (4th ed.1971)."

Accordingly, characterizing a combination of acts as a conspiracy is insufficient to withstand a motion to dismiss. Buckner v. Atlantic Plant Maintenance, Inc., 182 Ill.2d 12, 23-24, 230 Ill.Dec. 596, 694 N.E.2d 565 (1998). In this case, Harman alleges that Neukranz-Butler, as controlling agent, forced Gist to reveal details of her relationship with Harman and that Harman persuaded Ahlsen to record phone calls. Thus, Harman is not alleging that Neukranz-Butler had an agreement with Gist and Ahlsen. To the contrary, Harman is alleging that Neukranz-Butler used her power in investigating the harassment claim to elicit private information about Harman. Thus, Harman's claim for civil conspiracy is dismissed for failure to state a claim upon which relief may be granted.

4.  Harman's invasion of privacy claim against Ahlsen

Harman claims a count of invasion of privacy/intrusion upon seclusion against Ahlsen. Count IX.A states only that, "Ahlsen recorded Plaintiff's phone call/message at a phone outside Plaintiff's workplace and provided Neukranz-Butler with a copy of the text of the phone call." A claim for intrusion upon the seclusion of another requires proof: (1) of an unauthorized intrusion or prying into the plaintiff's seclusion; (2) that the intrusion was offensive or objectionable to a reasonable person; (3) that the matter upon which the intrusion occurred was private; and (4) that the intrusion caused anguish and suffering. Acuff v. IBP, Inc., 126 Ill.2d 411, 9234 (C.D. Ill. 1999). The key distinction of this privacy tort is that the injury stems from the intrusion itself and not from any publication. Thomas v. Pearl, 998 F.2d 447, 452 (7th Cir. 1993). Indeed, the nature of this tort depends on "highly offensive prying into the physical boundaries or affairs of another person." Lovgren v. Citizen's Fist Nat'l Bank, 126 Ill.2d 411, 416-18, 534 N.E.2d 987 (Ill. 1989). In Thomas, the United States Court of Appeals for the Seventh Circuit held that the tort of intruding upon the seclusion of another is aimed at the discomfort caused by the intrusion itself. Thomas, 988 F.2d at 452. Examples include someone entering your bedroom, opening your mail, or making repeated and unwanted telephone calls to you. Id. at 452 (citations omitted).

In this case, plaintiff has not alleged that Ahlsen's "intrusion" was unauthorized. Quite the contrary, plaintiff has alleged that Ahlsen recorded a phone message that plaintiff voluntarily left for Ahlsen. In addition, the injury that plaintiff is alleging stems from Ahlsen's transcribing the message and giving it to Neukranz-Butler, not plaintiff's recording of the message. In an intrusion upon seclusion claim, the injury must occur from the prying itself, not publication. See

-12-

Thomas, 988 F.2d at 452. Thus, plaintiff's claim of intrusion upon seclusion against Ahlsen is dismissed for failure to state a claim upon which relief may be granted.

## Conclusion

For the foregoing reasons, plaintiff's defamation claims against Gist, Ahlsen, Neukranz-Butler, and NLU are STRICKEN for failure to comply with Fed. R. Civ. P. 8. Plaintiff's claim against NLU for violation of his Due Process rights is DISMISSED with prejudice for failure to state a claim upon which relief may be granted. Plaintiff's claim against Neukranz-Butler for civil conspiracy is DISMISSED with prejudice for failure to state a claim upon which relief may be granted. Plaintiff's claim against Ahlsen for intrusion upon seclusion is DISMISSED with prejudice for failure to state a claim upon which relief may be granted. Plaintiff has fourteen (14) days from the date of this Order to file an amended Complaint that meets the requirements of Rule 8.

Enter:

David H. Coar
United States District Judge

Dated: August 29, 2003